# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL LEWIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )     2:11-cv-174-WTL-DKL |
| STANLEY KNIGHT, et al., | ) ) ) |
| Defendants. | ) |

### Entry and Order Dismissing Action

An action is brought pursuant to 42 U.S.C. § 1983. "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). This is entirely sensible, because no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

In this case, an Indiana prisoner brings a § 1983 action alleging his Fourteenth Amendment due process rights were violated when he was placed or kept in administrative segregation. The defendants are the prison superintendent, a regional director of the Indiana Department of Correction, and a correctional Sergeant at the prison where he is confined. However, nothing in the conduct attributed to the defendants could be understood to violate any of Lewis' federally secured rights. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) (AClassifications of inmates implicate neither liberty nor property interests . . . .@) (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

Pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive dismissal

under this standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(internal quotations omitted).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987)). For the reasons explained above, however, Lewis' allegations are insufficient to state a claim for relief that is plausible on its face and his complaint thus fails to state a claim upon which relief can be granted. *See Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)(although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994).

Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/10/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Paul Lewis
#873084
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064